﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 191008-37472
DATE: September 29, 2020

ORDER

Entitlement to service connection for right lower extremity peripheral neuropathy is granted.

Entitlement to service connection for left lower extremity peripheral neuropathy is granted.

Entitlement to service connection for right upper extremity peripheral neuropathy is granted.

Entitlement to service connection for left upper extremity peripheral neuropathy is granted.

Entitlement to service connection for posttraumatic stress disorder (PTSD), depressive disorder and anxiety is granted.

Entitlement to a total disability rating based on unemployability due to service-connected disabilities from November 22, 2017 to June 30, 2020 is granted.

Entitlement to a total disability rating based on unemployability due to service-connected disabilities from July 16, 2020 to the present is granted.

REMANDED

Entitlement to a total disability rating based on unemployability due to service-connected disabilities for the period from October 6, 2016 to November 21, 2017 is remanded.

Entitlement to a total disability rating based on unemployability due to service-connected disabilities for the period from July 1, 2020 to July 15, 2020 is remanded.

FINDINGS OF FACT

1. Resolving all doubt in the Veteran’s favor, the Veteran’s right lower extremity peripheral neuropathy is due to his service-connected diabetes mellitus.

2. Resolving all doubt in the Veteran’s favor, the Veteran’s left lower extremity peripheral neuropathy is due to his service-connected diabetes mellitus.

3. Resolving all doubt in the Veteran’s favor, the Veteran’s right upper extremity peripheral neuropathy is due to his service-connected diabetes mellitus.

4. Resolving all doubt in the Veteran’s favor, the Veteran’s left upper extremity peripheral neuropathy is due to his service-connected diabetes mellitus.

5. Resolving all doubt in the Veteran’s favor, the Veteran’s PTSD, depressive disorder and anxiety are is due the Veteran’s combat duty in Vietnam. 

6. During the period from November 22, 2017 to June 30, 2020 and from July 16, 2020 to the present, the Veteran was in receipt of service connection for prostate cancer, evaluated as 100 percent disabling; diabetes mellitus, evaluated as 20 percent disabling; tinnitus, evaluated as 10 percent disabling; bilateral hearing loss, evaluated as noncompensably disabling; and erectile dysfunction, evaluated as noncompensably disabling. His combined evaluation for these periods is 100 percent.

7. The Veteran last worked full time in 2009.

8. Resolving all doubt in the Veteran’s favor, the Veteran is unemployable due to his service-connected disabilities.

CONCLUSIONS OF LAW

1. The criteria for service connection for the Veteran’s right lower extremity peripheral neuropathy as secondary to his service-connected diabetes mellitus are met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.310. 

2. The criteria for service connection for the Veteran’s left lower extremity peripheral neuropathy as secondary to his service-connected diabetes mellitus are met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.310. 

3. The criteria for service connection for the Veteran’s right upper extremity peripheral neuropathy as secondary to his service-connected diabetes mellitus are met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.310. 

4. The criteria for service connection for the Veteran’s left upper extremity peripheral neuropathy as secondary to his service-connected diabetes mellitus are met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.310. 

5. The criteria for service connection for the Veteran’s PTSD, depressive disorder and anxiety due to the Veteran’s military service are met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. 

6. For the period from November 22, 2017 to June 30, 2020, the criteria for entitlement to a total disability rating based on unemployability due to service-connected disabilities have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16, 4.18, 4.25.

7. For the period from July 16, 2020 to the present, the criteria for entitlement to a total disability rating based on unemployability due to service-connected disabilities have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16, 4.18, 4.25.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1967 to September 1969.

A rating decision was issued under the legacy system in January 2017. In November 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. In February 2019, the agency of original jurisdiction (AOJ) determined that additional development was needed for the issues on appeal. The agency of original jurisdiction (AOJ) issued a RAMP supplemental claim decision in September 2019, which is the decision on appeal. In the October 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. In November 2019, he withdrew the hearing request. The Board sent a clarification letter to the Veteran and his attorney asking if he had mistakenly withdrawn his hearing request. The Veteran and his attorney did not respond. For those reasons, the Board will consider the hearing withdrawn. Therefore, the Board may only consider the evidence of record at the time of the RAMP supplemental claim decision on appeal, as well as any evidence submitted by the Veteran’s attorney within 90 days following receipt of the withdrawal of the hearing. 38 C.F.R. § 20.302(b). 

Treatment records from December 2019 to August 2000 may be considered. VA treatment records from February 2019 to January 2020, and from February 2020 to July 2020, and January 2020 to August 2020 were added to the record after the 90 days following the withdrawal of the hearing and will not be considered.

In the September 2019 decision, the Agency of Original Jurisdiction (AOJ) found that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for peripheral neuropathy of the lower extremities and the upper extremities as well as entitlement to service connection for posttraumatic stress disorder and entitlement to individual unemployability due to service-connected disabilities. The Board is bound by these favorable findings. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)).

The issues of an increased rating for diabetes mellitus, entitlement to service connection for tinnitus, hearing loss and tinnitus were adjudicated by the Board in February 2019. The Veteran and his attorney have appeared to request a hearing for these issues. Therefore, these issues will not be considered in this decision.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

1. Entitlement to service connection for right lower extremity peripheral neuropathy

2. Entitlement to service connection for left lower extremity peripheral neuropathy

3. Entitlement to service connection for right upper extremity peripheral neuropathy

4. Entitlement to service connection for left upper extremity peripheral neuropathy

The Veteran contends that his peripheral neuropathy in the lower and upper extremities are secondary to his service-connected diabetes mellitus diagnosis. Alternatively, he contends that his peripheral neuropathy is due to his exposure to in-service herbicide agent exposure.

The AOJ found that the Veteran has been diagnosed with a disability, the condition of right and left lower extremity sciatica that was resolved without residuals. The AOJ also found that the Veteran has been diagnosed with bilateral carpal tunnel syndrome in March 2019.

The question in this case is whether the Veteran has a current lower extremity diagnosis and whether this is due to his service-connected diabetes mellitus or otherwise due to his military service. The question is also whether the Veteran’s current upper extremity diagnoses are due to his service-connected diabetes mellitus or otherwise due to his military service.

In November 2016, the Veteran received a Diabetes Mellitus Disability Benefits Questionnaire (DBQ). The examiner found that the Veteran did not have objective evidence of upper and lower extremity diabetic peripheral neuropathy. This finding was based on neurologic examination of the Veteran. 

The Veteran received an examination by a physician in March 2018. The examiner diagnosed the Veteran with right and left upper extremity peripheral neuropathy and right and left lower extremity peripheral neuropathy. The physician opined that the Veteran’ developed right and left upper peripheral neuropathy and right and left lower peripheral neuropathy secondary to diabetes mellitus. The examiner opined that it was most likely caused by a or a result of his exposure to agent orange while stationed in Vietnam. The examiner noted decreased sensation in the posterior and lateral left calf down to the ankle and extending into the foot on the plantar surface and toes. There was decreased sensation to pinprick and light touch in the left foot and toes. There was decreased sensation noted in the lateral and posterior aspects of the leg as well as into the plantar surface of the foot into the toes on the right. There was decreased sensation to pinprick as well as to light tough on the right. As for the right upper extremity, there was decreased sensation noted in the median nerve distribution of the thumb, index and middle finger. There was also decreased sensation with numbness and tingling over the little and ring finger. As for the left upper extremity, there was decreased sensation in the median nerve to include the thumb, index and middle finger. There was also slightly decreased sensation in the little finger and the ring finger on the left hand. 

In March 2019, the Veteran received a Peripheral Nerves Conditions DBQ by a physician assistant. The examiner diagnosed the Veteran with bilateral carpal tunnel syndrome that had resolved without residuals. The examiner also diagnosed the Veteran with right lower extremity sciatica that was resolved without residuals. The examiner found no clinical evidence of left lower extremity sciatica. He noted that diagnosis of the sciatica was in March 2019. Although the examiner found that the Veteran did not have a diagnosis for the upper and lower extremities, the Veteran had intermittent pain in the left lower extremity, mild numbness in the right and left upper extremity. In addition, EMG studies were abnormal in August 2014 for the left upper extremity and the right lower extremity. Despite this, the examiner concluded that there was no peripheral nerve condition.

Resolving all doubt in the Veteran’s favor, the Board finds that the evidence shows that the Veteran has diagnoses for the left and right upper extremities and left and right lower extremities during the period on appeal. Although the opinions differ as to the cause of the neuropathy, the Board resolves all doubt in favor of the Veteran. 

In short, the evidence is in equipoise regarding whether the Veteran has current lower and upper peripheral neuropathy diagnoses that are related to his service-connected diabetes mellitus.

5. Entitlement to service connection for posttraumatic stress disorder (PTSD)

The Veteran contends that he has a diagnosis of PTSD due to his military service. 

The AOJ found that the Veteran was diagnosed with an unspecified depressive disorder in June 2005. 

The question in this case is whether the Veteran has a current psychiatric disability that is related to his military service.

First, the Board finds that the Veteran was awarded the Vietnam Service Medal with four bronze stars for his service in a combat zone. The Veteran reported that he was involved in ambushes and operated the 106th Recoilless Rifle Jeep Mountain Cannon. He reported being exposed to 10 mortar rockets attacks a day. See February 2018 Psychological Evaluation. Generally, VA will accept as true a combat veteran’s report of injury or disease in service, as long as the report is consistent with the circumstances, conditions, or hardships of such service, and in the absence of evidence to the contrary. See 38 C.F.R. §§ 3.304 (d) (general combat presumption); 3.304(f) (PTSD combat presumption). Here, the Board finds that the Veteran’s lay statements alone establish the occurrence of the claimed in-service stressor of fighting in combat and mortar attacks. 

In February 2018, a psychologist provided the Veteran with a thorough psychological evaluation. The examiner diagnosed the Veteran with posttraumatic stress disorder, generalized anxiety disorder, and mood disorder. The examiner opined that the Veteran’s PTSD, depression and anxiety were most likely caused by combat related trauma. 

In March 2018, a physician examined the Veteran and opined that the Veteran has a diagnosis of PTSD, depression, and anxiety that was most likely caused by his service in Vietnam when he was constantly under mortar rocket attacks and small arms fire. As the physician is not a mental health clinician, the Board will afford this opinion less probative weight.

The March 2019 examiner, who had a Doctor of Psychology degree, found that the Veteran did not meet the diagnostic criteria for PTSD under DSM-5. Instead, the examiner found that he had a diagnosis for unspecified depressive disorder. The examiner opined that the Veteran’s depressive disorder was less likely than not incurred in or caused by the fear of hostile military or terrorist activity during service. The examiner found that he began to be treated with depression in 2000 which was over 3 decades since his military service.

The Veteran has reported suffered from many symptoms prior to officially being treated for his mental health disability.

The evidence is in equipoise regarding whether the Veteran has current diagnosis of PTSD, depression and anxiety that is related to his military service.

6. Entitlement to a total disability rating based on unemployability due to service-connected disabilities from November 22, 2017 to June 30, 2020 is granted.

7. Entitlement to a total disability rating based on unemployability due to service-connected disabilities from July 16, 2020 to the present is granted.

Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340. If the total rating is based on a disability or combination of disabilities for which the Schedule for Rating Disabilities provides an evaluation of less than 100 percent, it must be determined that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age. 38 C.F.R. § 3.341. 

In evaluating total disability, full consideration must be given to unusual physical or mental effects in individual cases, to peculiar effects of occupational activities, to defects in physical or mental endowment preventing the usual amount of success in overcoming the handicap of disability and to the effects of combinations of disability. 38 C.F.R. § 4.15.

If the schedular rating is less than total, a total disability evaluation can be assigned based on individual unemployability if a Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability, provided that he has one service-connected disability rated at 60 percent or higher; or two or more service-connected disabilities, with one disability rated at 40 percent or higher and the combined rating is 70 percent or higher. 38 C.F.R. § 4.16 (a). 

For the purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. Id. 

For the period from November 22, 2017 to June 30, 2020, the Veteran’s combined evaluation is 100 percent which meets the schedular requirement under 38 C.F.R. § 4.16 for consideration of a TDIU. Notably, the Veteran’s prostate cancer disability was evaluated as 100 percent for this period. The Veteran’s prostate cancer was also evaluated as 100 percent for the period from July 16, 2020 to the present. 

In his October 2016 Application for Increased Compensation Based on Unemployability, the Veteran reported that he last worked full-time in January 2009. The Veteran was an actor for fifty years. The Veteran’s actor’s union provided documentation that he worked until 2008. 

In a March 2018 examination, a physician opined that the Veteran was unable to perform substantially gainful employment, even sedentary in nature due to his injuries physical and mental that he is due to military service since on or before February 2016. The examiner reviewed the Veteran’s claims file, his service treatment records and treatment records since separation from service. The examiner opined that the Veteran’s right upper extremity peripheral neuropathy was moderate in nature; his left upper extremity was moderately severe in nature; his right lower extremity was moderate in nature; and his left lower extremity was peripheral neuropathy was moderate in nature. These disabilities have not been evaluated yet by the AOJ.

In February 2018, the Veteran was afforded a psychological evaluation. The psychologist noted a history of anger outbursts that impacted his career and family. The psychologist also noted that he had negative emotional state such as anger, shame, guilt, markedly diminished interest in participating in significant activities, feeling of detachment from others and estrangement, which has impacted his relationship with his spouse and children. He has irritable behaviors with anger outbursts, reckless self-destructive behavior when he was drinking. He has problems with concentration during times when he could not perform as an actor in his career. He also has frequently sleep disturbances. He experiences intense and prolonged psychological distress when exposed to external clues that symbolize or resemble aspects of traumatic events.

The Veteran’s spouse submitted a statement in November 2018 explaining that she and the Veteran’s children experienced a devastating amount of mood swings, anger, depression, alcoholism, and physical and mental abuse from the Veteran that almost ended the marriage.

The claims file shows that the Veteran last worked as an actor in 2009.

In weighing the lay and medical evidence of record, the Board finds that the evidence is in relative balance as to whether the Veteran has been rendered unable to obtain and maintain a substantially gainful occupation as the result of his service-connected disabilities. As such, entitlement to TDIU is warranted for the periods from November 22, 2017 to June 30, 2020 and from July 16, 2020 to the present.

REASONS FOR REMAND

1. Entitlement to a total disability rating based on unemployability due to service-connected disabilities for the period from October 6, 2016 to November 21, 2017 is remanded.

2. Entitlement to a total disability rating based on unemployability due to service-connected disabilities for the period from July 1, 2020 to July 15, 2020 is remanded.

For the period from October 6, 2016 to November 21, 2017, the Veteran currently does not meet the schedular requirements for TDIU under 38 C.F.R. § 4.16 (a). The Veteran’s combined disability rating was 30 percent. During the period, service connection was in effect for diabetes mellitus, evaluated as 20 percent disabling; tinnitus, evaluated as 10 percent disabling; and bilateral hearing loss, evaluated with a noncompensable rating. For the period from July 1, 2020 to July 16, 2020, in addition to the disabilities noted above, service connection was also in effect for prostate cancer which was evaluated as 40 percent disabling. The combined evaluation for the period from July 1, 2020 to July 15, 2020 was 60 percent. Therefore, the Veteran does not meet the schedular requirement for TDIU under 38 C.F.R. § 4.16 for these periods. 

Per this decision, the Board has granted service connection for several disabilities. The AOJ has not had an opportunity to evaluate these disabilities. The Veteran’s evaluations may meet 38 C.F.R. § 4.16 (a) for these periods. If after further development of the Veteran’s service-connected disabilities the Veteran still does not meet the schedular requirement, the Veteran’s claim for TDIU is referred to VA’s Director of Compensation Services for extraschedular consideration.

The matters are REMANDED for the following action:

1. Assign ratings for all disabilities.

2. If the Veteran meets the schedular requirement for TDIU under 38 C.F.R. § 4.16, adjudicate the Veteran’s claim for TDIU for the period from October 6, 2016 to November 21, 2017 and from July 1, 2020 to July 15, 2020.

(Continued on the next page)

 

3. If the Veteran does not meet the schedular requirement for TDIU under 38 C.F.R. § 4.16 for the period from October 6, 2016 to November 21, 2017 and from July 1, 2020 to July 15, 2020, refer the Veteran’s claim for TDIU to VA’s Director of Compensation Service for extraschedular consideration for these periods.

 

 

KRISTI L. GUNN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Tahirih S. Samadani, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.